G. Peter Albert, Jr. (CA Bar No. 211248)
**TECHLAW LLP**
11622 El Camino Real, Suite 100
San Diego, California 92130
Telephone: 858.776.1548
Facsimile: 858.430.4886
Email: Peter@TechLawLLP.com

Ross D. Meador
**TECHLAW LLP**
1100 Quail Street, Suite 202
Newport Beach, California 92660
Telephone: (415) 713-0441
Facsimile(714) 386-5368
Email: Ross.Meador@TechLawLLP.com

Attorneys for Plaintiff
ADDON COMPUTER PERIPHERALS, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| ADDON COMPUTER PERIPHERALS, LLC<br><br>                    Plaintiff,<br><br>     v.<br><br>OMNIREPS, LLC<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1125(a);**<br>**(2) TRADEMARK DILUTION UNDER 15 U.S.C. § 1125 (a);and**<br>**(3) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §§ 17200 and 17500, *et seq.*** |

Plaintiff, ADDON COMPUTER PERIPHERALS, LLC, by their attorneys, hereby file this Complaint against Defendant, Omnireps, LLC, and allege as follows:

## THE PARTIES

1.     Plaintiff, AddOn Computer Peripherals, LLC ("AddOn"), is a limited liability company organized and existing under the laws of the State of California and having a principal place of business at 30400 Esperanza Rancho Santa Margarita, California 92688.

{00009931.DOCX }

2.     Upon information and belief, Defendant, Omnireps, LLC ("Omnireps"), is an Illinois limited liability company with a principal place of business at 9 Turnbury Court, Hawthorn Woods, Illinois 60047.

## JURISDICTION AND VENUE

3.     This action arises under the federal trademark statute (the "Lanham Act") 15 U.S.C. §1051 *et seq.,* and under the common law of the State of California.  This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1132, 1338, and 1367.  This Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. § 1338 and 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over the Defendant, Omnireps because they have extensive contacts with, and conduct business within, the State of California and this judicial district; Omnireps has purposefully availed itself of the opportunity to conduct commercial activities in this forum; the causes of action asserted in this Complaint arise out of Defendant's contacts with this judicial district; Omnireps' uses of the mark PROLINE constitute the tort of trademark infringement, and the injury and effect of Omnireps' infringement is felt in the forum state by Plaintiff AddOn.  Personal jurisdiction is proper under the California Long-Arm Statute, Code Civ. Pro. §410.10, because the exercise of personal jurisdiction is not inconsistent with the Constitution of this state or of the U.S.

5.     Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because the Defendant has extensive contacts with, and conducts business within, the State of California and this judicial district; Defendant is subject to personal jurisdiction in the District; a substantial part of the events giving rise to these claims occurred in this District; and because Defendants have cased tortious injury to Plaintiff in this judicial district.

## FACTUAL BACKGROUND

6.     Plaintiff, AddOn is one of North America's largest providers of compatible network upgrades and connectivity products.  AddOn is well known throughout the industry for setting standards of quality and reliability.  AddOn supplies a full line of networking, memory and workplace upgrades including, among other products and services, Optical Network Transceivers, Fiber Optic Cabling, direct Attach Cabling, Dual OEM Cabling, PCI Cards, Desktop, Laptop, and Server Memory, Media Converters, and Pro AV Cabling and Accessories.

{00009931.DOCX }

COMPLAINT FOR TRADEMARK INFRINGEMENT,
TRADEMARK DILUTION, AND UNFAIR COMPETITION

7.     AddOn manufactures and sells a line of optical transceivers under the brandname and trademark PROLINE.

8.     AddOn was the party to first invent and first to affix the PROLINE mark onto transceiver products.

9.     At least as early as May, 2010, AddOn contracted with its outside marketing and promotion company to create labels for AddOn's PROLINE product line and paid all of the costs associated with the creation of PROLINE labels and other product packaging and inserts.

10.    Since its first use, AddOn on continuously used its PROLINE mark in connection with its manufacturing and sales of transceivers and associated products.

11.    The labels included AddOn's PROLINE trademark as well as AddOn's toll-free telephone number (see Exhibit A – AddOn PROLINE product labels).

12.    Defendant, Omnireps, is a marketing and advertising rep firm that provides marketing support for brands looking to increase their footprint in the Direct Market Reseller/Value-Added Reseller channel (*see* Exhibit B – Omnireps' website and Exhibit C – Omnireps' Partner Introduction brochure).

13.    Upon information and belief, Omnireps LLC was formed on February 23, 2011 (see Exhibit D – Illinois Secretary of State online LLC File Detail Report).

14.    At least as early as July 22, 2010, prior to Omnireps' formation, AddOn began using the mark PROLINE to identify its transceiver products and, since that time, AddOn has continuously used the PROLINE mark to market and sell its transceiver products throughout the United States and the world.

15.    AddOn has devoted substantial time, effort, and resources to the development and extensive promotion of the PROLINE mark and the products offered thereunder.  As a result, the public has come to recognize and rely upon the PROLINE mark as an indication of the high quality associated with AddOn's transceiver products.

16.    As a result of AddOn's efforts, and AddOn's long-term, widespread, and continuous use of the PROLINE mark in the United States in connection with the manufacturing and sales of transceivers and associated products for almost 6 years, the PROLINE mark enjoys a high degree of consumer recognition and has become a famous mark.

17.    AddOn began selling its PROLINE transceiver products to CDW Corporation through Ingram Micro who acted as AddOn's distributor for PROLINE transceiver products.

{00009931.DOCX }

COMPLAINT FOR TRADEMARK INFRINGEMENT,
TRADEMARK DILUTION, AND UNFAIR COMPETITION

18.     On May 2, 2011, AddOn and Omnireps signed a Contract for Services (*see* Exhibit E – Contract for Services).

19.     Under the engagement, Omnireps acted as an independent manufacturer's representative between AddOn and CDW Corporation for the sales of AddOn products, including transceivers, optical transceivers, and fiber-optic transceivers marketed and sold under the PROLINE trademark.

20.     Omnireps' website advertises its services and touts that Omnireps is "Brand Conscious" by stating "We do more than just sell, we're an advocate for ***your*** brand, increasing awareness and opportunities" (*emphasis added  - see* Exhibit B).

21.     Ominreps Partner Introduction brochure also advertises Omnireps' services and states "When Omnireps first took on the Proline brand they recognized the potential in such a great product" (*see* Exhibit C).

22.     Upon information and belief, Todd Ferguson ("Ferguson") was and is a managing member of Omnireps, LLC.

23.     Prior to May 2, 2011, Ferguson acted as a broker/sales rep for AddOn for the sales of AddOn products, including transceivers, optical transceivers, and fiber-optic transceivers marketed and sold under the PROLINE trademark.

24.     The engagement between AddOn and Omnireps does not address the issue of ownership of the PROLINE mark between AddOn, Ferguson, and/or Omnireps.

25.     Upon information and belief, Omnireps filed trademark application Serial No. 85/655,121 ("the PROLINE application") on June 19, 2012, in International Class 009 for transceivers, optical transceivers, and fiber-optic transceivers, alleging a first use date of November 13, 2010, which is prior to the formation of Omnireps LLC (*see* Exhibit F – PROLINE trademark application file history.

26.     Upon information and belief, along with the application, Omnireps filed a specimen of use (see Exhibit F).

27.     The specimen of use is purportedly a photograph of the PROLINE mark affixed to a label on an AddOn transceiver product.

28.     The label shown in the specimen of use includes AddOn's toll free telephone number under the PROLINE mark on the product and is identical to the labels commissioned by AddOn from its outside marketing and promotion company in May, 2010.

{00009931.DOCX }

COMPLAINT FOR TRADEMARK INFRINGEMENT,
TRADEMARK DILUTION, AND UNFAIR COMPETITION

29.     Upon information and belief, Omnireps surreptitiously obtained the specimen of use it filed with its PROLINE trademark application either directly or indirectly from AddOn.

30.     Upon information and belief, the application issued as U.S. Trademark Reg. No. 4,282,736 on January 29, 2013.

31.     Upon information and belief, On August 1, 2011, Omnireps registered the domain name "thinkproline.com."

32.     Upon information and belief, Omnireps uses its "thinkproline.com" domain name to advertise Add-On's PROLINE transceiver products (*see* Exhibit G – thinkproline.com webpage).

33.     Upon information and belief, on September 5, 2014, Omnireps filed intent-to-use U.S. Trademark Application Serial No. 86/386,569 ("the THINK PROLINE application"), in International Class 035 for Online retail store services featuring computer products, namely, transceivers, optical transceivers, fiber-optic cables, fiber media converters, telecommunications equipment, namely, fiber-optic or wired transceivers, converters and optimizers, gigabit interface converters (GBIC) transceivers and small form factor pluggable (SFP) transceivers (*see* Exhibit H – THINK PROLINE trademark application file history).

34.     Upon information and belief, the THINK PROLINE trademark application has been approved by the U.S. Patent and Trademark and Omnireps has been granted an extension of time to file a Statement of Use until March 24, 2016 (*see* Exhibit H).

35.     On November 30, 2015, Add-On sent Omnireps notice of its intent to terminate its Contract for Services with Omnireps pursuant to paragraph o of the Contract for Services (*see* Exhibit E, paragraph o).

36.     Pursuant to the Contract for Services, the Contract for Services is terminated 60 days after notice of intent to terminate (*see* Exhibit E, paragraph o).

37.     As such, the Contract for Services between Add-On and Omnireps terminates on January 29, 2016.

38.     Upon information and belief, Omnireps/Ferguson have advertised, marketed, sold, offered to sell, and/or brokered transceiver products under the PROLINE mark which were not supplied by AddOn.

39.     AddOn has not authorized Omnireps/Ferguson to advertise, market, broker, sell or offer to sell transceiver products under the PROLINE mark which are not supplied by AddOn.

{00009931.DOCX }

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, AND UNFAIR COMPETITION

40. Upon information and belief, prior to working with AddOn, neither Omnireps nor Ferguson advertised, marketed, sold, or offered to sell any transceiver products under the PROLINE mark.

41. AddOn's toll free telephone number appears on labels of PROLINE transceiver products brokered by Omnireps/Ferguson.

42. None of the transceiver products supplied by AddOn and brokered by Omnireps/Ferguson under the PROLINE mark include anything identifying Omnireps and/or Ferguson as the source of the products.

43. AddOn is responsible for maintaining the quality and uniformity of all transceiver products brokered by Omnireps and/or Ferguson under the PROLINE mark.

44. AddOn is responsible for all technical changes to all transceiver products brokered by Omnireps and/or Ferguson under the PROLINE mark.

45. Upon information and belief, the relevant consuming public identifies AddOn as the source of all transceiver products brokered by Omnireps and/or Ferguson under the PROLINE mark.

46. The relevant consuming public directly contacts AddOn regarding any problems or defects with transceiver products brokered by Omnireps and/or Ferguson under the PROLINE mark.

47. Every PROLINE product supplied by AddOn includes an insert providing the consumer with AddOn's toll-free telephone number along with instructions to call the toll-free number should the consumer experience any issues with the product (see Exhibit I – PROLINE product support insert).

48. AddOn employees answer calls directed to the toll-free number listed on PROLINE product labels and inserts and assist purchasers of PROLINE products with any question or problems related to the products.

49. AddOn has paid for a majority of the advertising and promotion costs for the transceiver products brokered by Omnireps and/or Ferguson under the PROLINE mark.

50. On November 25, 2015, AddOn filed a Petition to Cancel U.S. Trademark Registration No. 4,282,736 in the U.S. Patent and Trademark Office before the Trademark Trial and Appeal Board (*see* Exhibit J – Petition to Cancel file history).

{00009931.DOCX }

COMPLAINT FOR TRADEMARK INFRINGEMENT,
TRADEMARK DILUTION, AND UNFAIR COMPETITION

51.     The Petition to Cancel was accepted by the U.S. Patent and Trademark Office and, on November 30, 2015, a cancellation proceeding was instituted and assigned Cancellation No. 92062715.

52.     AddOn, not Omnireps/Ferguson, was the owner of the PROLINE mark at the time Omnireps filed its trademark application for registration of the PROLINE mark.

53.     AddOn, not Omnireps/Ferguson, was, at all relevant times the owner of the PROLINE mark.

54.     AddOn, not Omnireps/Ferguson, is the current owner of the PROLINE mark.

55.     AddOn has been and will continue to be damaged by Omnireps' registration of the PROLINE mark.

56.     AddOn's date of use of its PROLINE mark is prior to the date of Omnireps' date of filing of its application for registration of the PROLINE mark, prior to the date of first use alleged in Omnireps' application for registration of the PROLINE mark, and even prior to the formation of Omnireps.

57.     Omnireps' registration for the PROLINE mark is identical to AddOn's PROLINE mark.

58.     The goods described in Omnireps registration for the PROLINE mark are identical to the goods sold by AddOn under AddOn's PROLINE mark.

59.     In view of the similarity of the respective marks, identical channels of trade and the identical goods offered for sale by the respective parties, Omnireps' use of the PROLINE mark so resembles AddOn's PROLINE mark, previously used by AddOn in the United States, and not abandoned, as to be likely to cause confusion, or to cause mistake, or to deceive as to the source of the goods.

60.     Omnireps' use of the thinkproline.com domain name and associated website also so resembles AddOn's PROLINE mark, previously used by AddOn in the United States, and not abandoned, as to be likely to cause confusion, or to cause mistake, or to deceive as to the source of the goods advertised on the website.

61.     Omnireps knowingly made material, false statements to the U.S. Patent and Trademark Office in the course of procuring U.S. Trademark Registration No. 4,282,736 in order to deceive the U.S. Patent and Trademark Office to induce the U.S. Patent and Trademark Office to issue the registration.

62. The material, false statements knowingly made by Omnireps include at least the following statements made in the PROLINE trademark application filed on June 19, 2012:

    a. That Omnireps was the owner of the PROLINE trademark;

    b. That no other person, firm, corporation or association had the right to use the PROLINE mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive;

    c. That the PROLINE mark was first used by Omnireps;

    d. That Omnireps first used the PROLINE mark at least as early as November 13, 2010, when, in fact, Omnireps did not exist on November 13, 2010; and

    e. That the specimen of use submitted by Omnireps showed Omnireps' use of the mark as opposed to AddOn's use of the mark.

63. Omnireps' representative, Todd Ferguson, knew that the statements made in the PROLINE trademark application were false and material.

64. The false statements knowingly made by Omnireps in the PROLINE trademark application were, in fact, material.

65. Omnireps made the knowingly false and material statements in an attempt to trade off the goodwill associated with AddOn's PROLINE trademark.

66. AddOn's date of use of its PROLINE mark is prior to the date of Omnireps' date of filing of its application for registration of the PROLINE mark, prior to the date of first use alleged in Omnireps' application for registration of the PROLINE mark, prior to the date of first use alleged in Omnireps' application for registration of the THINK PROLINE mark, and prior to Omnireps' registration and first use of the domain name thinkproline.com and associated website.

67. In view of the similarity of the respective marks, identical channels of trade and the identical goods offered for sale by the respective parties, Omnireps PROLINE registration, THINK PROLINE application, and thinkproline.com domain name and associated website so resemble AddOn's PROLINE mark, previously used by AddOn in the United States, and not abandoned, as to be likely to cause confusion, or to cause mistake, or to deceive as to the source of the goods.

{00009931.DOCX }

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, AND UNFAIR COMPETITION

68.     AddOn, believes that it will be and is being damaged by Omnireps' unauthorized use of AddOn's PROLINE mark in connection with transceiver products, Omnireps' Registration No. 4,282,736 for the mark PROLINE, Omnireps' Application No. 86/386,569 for the mark THINK PROLINE, and Omnireps' unauthorized use of the domain name thinkproline.com and associated website.

## COUNT I

### (Federal Trademark Infringement under 15 U.S.C. § 1125(a))

69.     AddOn hereby incorporates by reference and realleges each and every allegation set forth in Paragraphs 1-68.

70.     The action of Omnireps/Ferguson described above and specifically, without limitation, their unauthorized use and registration of the PROLINE trademark, the THINK PROLINE mark, and confusingly similar variations thereof, as well as the thinkproline.com domain name and associated website, in commerce to advertise, promote, market, sell, and/or offer to sell transceiver products under the PROLINE brand throughout the United States, constitutes trademark infringement in violation of 15 U.S.C. §§ 1125(a).

71.     The actions of Omnireps/Ferguson, if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in value of and goodwill associated with the PROLINE mark, and injury to AddOn's business.  AddOn is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

72.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales of PROLINE transceiver products, and the costs of this action.  Furthermore, AddOn is informed and believes, and on that basis alleges that the action of Omnireps/Ferguson were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling AddOn to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

73.     AddOn further seeks an order that AddOn, not Omnireps/Ferguson, was the owner of the PROLINE mark at the time Omnireps filed its trademark application for registration of the PROLINE mark and that AddOn, not Omnireps/Ferguson, was, at all relevant times the owner of the PROLINE mark.

{00009931.DOCX }

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, AND UNFAIR COMPETITION

74.     AddOn also seeks an order that AddOn, not Omnireps/Ferguson, is the current owner of the PROLINE mark.

## COUNT II

### (Federal Trademark Dilution under 15 U.S.C. §1125(c)

75.     AddOn hereby incorporates by reference and realleges each and every allegation set forth in Paragraphs 1-74.

76.     The actions of Omnireps/Ferguson described above and specifically, without limitation, their unauthorized use of the famous PROLINE trademark, the THINK PROLINE mark, and confusingly similar variations thereof, as well as the thinkproline.com document name and associated website, in commerce to advertise, market, sell, and/or offer to sell transceiver products under the PROLINE mark throughout the United States, are likely to cause dilution by blurring and tarnishment in violation of 15 U.S.C. §1125(c).

77.     The actions of Omnireps/Ferguson, if not enjoined, will continue.  AddOn has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in value of and goodwill associated with the PROLINE mark, and injury to AddOn's business.  AddOn is therefore entitled to injunctive relief pursuant to 15 U.S.C. §1116 and 15 U.S.C. § 1125(c).

78.     On information and belief, the actions of Omnireps/Ferguson described above were and continue to be deliberate and willful.  AddOn is therefore entitled to recover damages in an amount to be determined at trial, profits made by Omnireps/Ferguson on sales of transceiver products under the PROLINE mark, and the costs of this action pursuant to 15 U.S.C. § 1117.

## COUNT III

### (Statutory Unfair Competition
### under California Business and Professions Code §§ 17200 and 17500 *et seq.*)

79.     AddOn hereby incorporates by reference and realleges each and every allegation set forth in Paragraphs 1-78.

80.     Omnireps/Ferguson's actions described above and specifically, without limitation, Omnireps use the PROLINE mark, the THINK PROLINE mark, and confusingly similar variations thereof, as well as the thinkproline.com domain name and associated website, in commerce to advertise, market, and sell transceiver products throughout the United States and

{00009931.DOCX }

COMPLAINT FOR TRADEMARK INFRINGEMENT,
TRADEMARK DILUTION, AND UNFAIR COMPETITION

California constitute trademark infringement, false advertising, and unfair competition in violation of the laws of the State of California.

81.     By these actions, Omnireps/Ferguson have engaged in false advertising and unfair competition in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code §§ 17200 and 17500, *et seq.*, and, as a result, AddOn has suffered and will continue to suffer damage to its business, reputation, and goodwill.

82.     As a direct and proximate result of Omnireps/Ferguson's willful and intentional actions, AddOn has suffered damages in an amount to be determined at trial and, unless Omnireps is restrained, AddOn will continue to suffer irreparable damage.

## PRAYER FOR RELIEF

WHEREFORE, AddOn prays that this Court enter judgment against Omnireps as follows:

A.     That AddOn be granted injunctive relief under 15 U.S.C. § 1051 *et seq.*; California Business and Professions Code §§ 17200 and 17500 *et seq.*; and federal law and California laws; specifically, that Omnireps and all of their respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

1.   using the PROLINE mark, the THINK PROLINE mark, or any mark confusingly similar to the PROLINE mark, as well as the thinkproline.com domain name and associated website, in connection with the marketing, promotion, advertising, distribution, sale, or offering to sell transceivers or associated products;

2.   that Omnireps be adjudged to unlawfully and unfairly compete against AddOn under the law of the State of California, Cal. Bus. & Prof. Code § 172000, *et seq.*;

B.   That AddOn be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Omnireps;

C.   That AddOn be awarded Omnireps' profits derived by reason of said acts, or as determined by an accounting;

D.   That such damages and profits be trebled and awarded to AddOn and that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Omnireps willful, intentional, and deliberate acts in violation of the Lanham Act;

E.   That AddOn be granted prejudgment and post judgment interest;

{00009931.DOCX }

1       F.  That AddOn be granted costs associated with the prosecution of this action; and

2       G.  That AddOn be granted such further relief as the Court may deem just.

3

4

5    DATED:  January 28, 2016          **TECHLAW LLP**
                                             G. PETER ALBERT, JR.

6

7                                   By:   /G. Peter Albert, Jr./

8                                      G. Peter Albert, Jr.

9                                      Attorney for Plaintiff

10                                    ADDON COMPUTER PERIPHERALS, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00009931.DOCX }

COMPLAINT FOR TRADEMARK INFRINGEMENT,
TRADEMARK DILUTION, AND UNFAIR COMPETITION